

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. Jas. G. Ulmer, President
Board of Regents
State Teachers Colleges of Texas
Driskill Hotel
Austin, Texas

Dear Sir:

Opinion No. 0-1735
Re: Under the facts set forth,
liability of the State of Tex-
as for instructor's salary for bal-
ance of school year remaining at
the time of his dismissal

We acknowledge receipt of your letter of Nov-
ember 21, 1939, in which you request the opinion of this
department on the following fact situation quoted from
your letter:

"Supposing a case where an instructor in
a state educational institution is employed by
oral contract for the current school year, i. e.,
let us assume, from September, 1939, through June
10th, 1940, inclusive, and further that this in-
structor is found guilty of disloyalty to the
administrative head of that institution, and
further that this instructor is summarily dis-
charged--then what is the liability, if any, of
the State of Texas for that instructor's salary
for whatever balance of the school year remains
at the time of his dismissal?

"It is the custom in this supposititious
case to have the presidents of the various edu-
cational institutions under the jurisdiction of
the board of regents to nominate their faculty
to the Board at a regular Board meeting, and the
Board either accepts or rejects their nomina-
tions. There is no written contract entered in-
to between the institution and the instructor;
however, it is understood that the instructor is
being employed for the current school year."

Article 2647 of the Revised Civil Statutes of 1925
provides the authority and fixes the duties of the Board of

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. Jas. G. Ulmer, page 2

Regents of the state teachers' colleges of Texas. This article empowers the Board of Regents to employ and discharge presidents, principals and teachers, and to fix the salaries of persons so employed. The statutes relating to state teachers' colleges make no other provisions relative to the employment of teachers, the details of employment being left to the discretion of the Board of Regents. It follows that the Board has the incidental and implied power to enter into contracts with teachers or instructors, subject to the rules of law governing contracts generally.

An oral contract for the employment of the teacher from September, 1939, through June 10, 1940, inclusive, is valid and occupies the same status as a written contract in so far as its validity under substantive rules of law is concerned. The fact that the statutes give the Board of Regents the power to employ and discharge teachers does not indicate that the Board has the authority to discharge summarily a teacher with whom they have contracted for a given period of time. Under general rules of law relating to personal service contracts, an employer may not discharge his employee during the period of employment agreed upon, except for good cause or with the consent of employee. See 29 Tex. Juris. 28, and authorities cited in note 10.

Grounds for dismissal of an employee which constitute "good cause" are listed at page 30 of Vol. 29 of Texas Jurisprudence, and the authorities therein cited illustrate that each case is judged largely from the standpoint of the individual fact situation presented. If an instructor or teacher is found guilty of disloyalty to the administrative head of the institution in which he is teaching, and if the disloyalty is such as will amount to good cause for dismissal, the State would be under no liability for his salary for whatever balance of the school year remained at the time his employment was terminated. The question of whether or not the instructor's disloyalty or misconduct is such as will constitute a good cause for dismissal depends

Dr. Jas. G. Ulmer, page 3

upon each individual case and presents an issue
which we cannot undertake to pass upon. We men-
tion in passing that there is considerable dif-
ference between disloyalty to the administrative
head of the institution in which the instructor is
teaching, and disloyalty to the Board of Regents,
with which the contract of employment is entered
into. Questions thus arising properly come within
the jurisdiction of the Board of Regents of the
state teachers' colleges, providing the action on
the part of the instructor or teacher is such as
will justify his immediate dismissal and the refusal
on the part of the board to perform further the con-
tract made.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ross Carlton
Assistant

RC:jm

APPROVED DEC 18, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN